J-S79021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARCUS ROSS | |
| Appellant | No. 86 EDA 2014 |

Appeal from the Judgment of Sentence November 19, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000454-2010

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 31, 2014**

Appellant, Marcus Ross, appeals from the judgment of sentence entered on November 19, 2013.  We affirm.

The trial court explained the procedural posture of this case:

> On October 26, 2011, . . . [Appellant pleaded] guilty to statutory sexual assault, corruption of minors, and indecent assault on a person less than 16 years of age,[1] and was sentenced to [an aggregate term of ten to 23 months in jail, followed by six years of probation].
>
> On August 9, 2012, [Appellant] was arrested for possession [of a controlled substance] with the intent to deliver [(hereinafter "PWID")] and conspiracy[.  Appellant pleaded] guilty to [these crimes] on October 18, 2012.  [Appellant] was sentenced to [serve an aggregate term of one-and-a-half] to three [] years [in prison for these convictions].

---

[1] 18 Pa.C.S.A. §§ 3122.1, 6301(a)(1), 3126(a)(8), respectively.

*Retired Senior Judge assigned to the Superior Court.

[Appellant's convictions for PWID and conspiracy rendered Appellant in violation of the probationary terms the trial court imposed on October 26, 2011. Thus, o]n May 30, 2013, [following] a violation of probation hearing, . . . [Appellant] was found to be in direct violation of [his] probation, and a presentence investigation report was ordered. On November 19, 2013, [the trial court re-sentenced Appellant] to four [] to eight [] years [in prison for his statutory sexual assault conviction]. This sentence was to be served consecutive[ly] to the sentence [Appellant] received [for PWID and conspiracy].

Trial Court Opinion, 4/2/14, at 1-2 (internal footnote omitted).

On November 26, 2013, Appellant filed a "Petition to Vacate and Reconsider Sentence," wherein Appellant claimed that the trial court abused its discretion when it sentenced him to serve four to eight years in prison. Specifically, Appellant claimed that his "sentence . . . was excessive in that it far surpassed what was necessary to foster [Appellant's] rehabilitation." Appellant's Petition to Vacate and Reconsider Sentence, 11/26/13, at 2. The trial court apparently did not rule upon Appellant's motion to modify sentence and, on December 19, 2013, Appellant filed a timely notice of appeal to this Court.[2] *See* Pa.R.Crim.P. 708(E) ("[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period").

---

[2] Within the trial court's Rule 1925(a) opinion, the trial court states that it denied Appellant's motion to modify sentence on November 27, 2013. Trial Court Opinion, 4/2/14, at 2. However, the certified record does not contain the trial court's November 27, 2013 order and the docket does not reflect the entry of a November 27, 2013 order.

- 2 -

The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied and, as is relevant to the current appeal, Appellant raised the following claim in his Rule 1925(b) statement:

> The sentencing court violated the requirements of 42 [Pa.C.S.A. §] 9721(b) of the Sentencing Code . . . by imposing the instant [four to eight] year sentence of incarceration for violation of probation as the lower court failed to consider [Appellant's] rehabilitative needs or mitigating circumstances.

Appellant's Rule 1925(b) Statement, 2/7/14, at 1-2.

Appellant now raises the following claim on appeal:

> Did not the sentencing court violate the requirements of 42 [Pa.C.S.A.] § 9721(b) of the Sentencing Code . . . as the lower court seemed to exclusively focus on [Appellant's] criminal conduct and his desire to litigate a claim under [the] Pennsylvania Rules of Criminal Procedure rather than his rehabilitative needs or mitigating circumstances[?]

Appellant's Brief at 3.

Appellant does not challenge the revocation of his probation or the fact that the trial court imposed a sentence of total confinement. Rather, Appellant objects to the length of his sentencing term, which is a challenge to the discretionary aspects of his sentence. ***Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010) (claim that sentence is excessive is a challenge to the discretionary aspects of a sentence).

We note that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("issues challenging the discretionary aspects of a sentence [following the revocation of probation] must be raised in a post-sentence motion or by presenting the claim to the trial court during the

sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

Within Appellant's Rule 2119(f) statement, Appellant claims that the trial court abused its discretion when, at sentencing, the trial court: "exclusively focus[ed] on the severity of the crime;" punished Appellant for "litigat[ing] a speedy revocation hearing claim under the [Pennsylvania] Rules of Criminal Procedure;" and, failed to consider either Appellant's "rehabilitative needs" or the "mitigating circumstances" of the case. *See* Appellant's Brief at 6-8. However, Appellant has only preserved the claim that the trial court failed to consider his rehabilitative needs at sentencing, as this was the only claim that was contained in Appellant's Petition to Vacate and Reconsider Sentence, Rule 1925(b) statement, and Rule 2119(f) statement. *See* Appellant's Petition to Vacate and Reconsider Sentence, 11/26/13, at 2. Appellant has waived all of the other claims that are contained in his brief. *Kalichak*, 943 A.2d at 289.

We must now determine whether Appellant's claim – that the trial court failed to consider Appellant's rehabilitative needs at sentencing – presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Cook*, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the

fundamental norms which underlie the sentencing process." ***Commonwealth v. McKiel***, 629 A.2d 1012, 1013 (Pa. Super. 1993); ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000).

As this Court has held, a claim that the sentencing court failed to consider the rehabilitative needs of a defendant does raise a substantial question under the Sentencing Code. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa. Super. 2013) (*en banc*) ("we find that Appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its [consecutive, standard range] sentence presents a substantial question for our review"); ***see also Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2013) (a claim that the trial court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, raised a substantial question). Therefore, we may reach the merits of Appellant's claim that, at sentencing, the trial court failed to consider Appellant's rehabilitative needs.

However, Appellant's claim on appeal immediately fails because the trial court undoubtedly considered Appellant's rehabilitative needs when it imposed Appellant's sentence. Certainly, within the trial court's Rule 1925(a) opinion, the trial court explained:

> This [c]ourt did not violate the sentencing requirements of 42 [Pa.C.S.A. §] 9721(b) of the Sentencing Code by failing

to consider [Appellant's] rehabilitative needs. . . . To the contrary, [the trial court] did consider [Appellant's] rehabilitative needs [and the] mitigating circumstances, as well as aggravating factors such as the potential danger [Appellant] poses to society. When sentencing [Appellant, the trial court] explicitly stated on two separate occasions that in crafting [Appellant's] sentence, [the trial court] was striking a balance between [Appellant's] potential for rehabilitation and the [trial court's] duty to protect the public.

. . .

Furthermore, at [Appellant's] sentencing, [the trial court] was equipped with a current [pre-sentence r]eport. The [pre-sentence r]eport stated [that,] as a juvenile, [Appellant] had four arrests, two adjudications of delinquency[,] and four commitments. As an adult, [Appellant] has five arrests, four convictions[,] and three convictions. In addition to all mitigating factors contained in the [pre-sentence r]eport, the aforementioned criminal activity and persistent violations of the law factor into the [trial court's] decision [] regarding [Appellant's] capacity for rehabilitation.

[The trial court] did advise [Appellant] that he should earn his GED while incarcerated and endeavor to learn a trade from the over two-dozen vocational training programs offered to inmates so that[,] when he is paroled, he will be able to find a legitimate means of employment and not resort to selling drugs.

Trial Court Opinion, 4/2/14, at 4-5.

From the above, it is apparent that the trial court expressly considered Appellant's rehabilitative needs at sentencing. Appellant's claim to the contrary is factually baseless; thus, the claim fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/2014